JOSEPH L. BOWLSBY, appellant, v. SAMUEL C. JOHNSTON, appellee.

---

It is a matter of sound discretion with the justice, whether to admit a defendant to appear by an attorney in fact, or not. No formal power of attorney under hand

and seal, need be produced, or proved, if the justice is otherwise satisfied of the authority of the attorney. The justice having recognized the attorney infact and permitted him to act for the defendant in his absence, ought not suddenly, without assigning any cause, and without notice to the defendant, to reject himand refuse to hear his defence.

· Samuel C. Johnston obtained a judgment against Joseph L. Bowlsby, in the court for the trial of small causes, which was removed to the Court of Common Pleas, of the county of Hunterdon by appeal. When the appeal was called on for trial, the plaintiff below moved to dismiss the appeal, for want of jurisdiction in the Court of Common pleas, it not appearing, as was' alleged by the record, or in any other way, to be a judgment rendered in the presence of the defendant. It appeared from the transcript of the justice, that the defendant did not appear in person, on the return of the summons, "but Silvester Bowlsby, his son, filed for the defendant, his plea by a power of attorney." The cause was adjourned, and on the day of trial, the defendant did not appear, but his son Silvester Bowlsby " offered to make his defence for the defendant, which " the justice " overruled in regard of the filing of the plea by his son." The · Court of Common Pleas, after argument, sustained the motion and dismissed the appeal. And an application was made to this Court for a writ of mandamus to be directed to the Court of Common Pleas to reinstate the appeal.

*Wm. H. Sloan* and *S. R. Hamilton,* for appellant.

*H. W. Green,* for appellee.

HORNBLOWER, C. J. On the return day of the summons, before the justice, Bowlsby, the defendant below did not appear in person, but sent his son Silvester Bowlsby, with a power of attorney, to appear and act for him. The Justice admitted the son to represent his father, as appears by the record; for the record states that " his son filed for the defendant his plea, by a power of attorney, and craved an adjournment, which I granted." On the day to which the cause stood adjourned, the plaintiff appeared, and the defendant again appeared by his said son, but the justice refused to permit him to make any defence, and after hearing the plaintiff's evidence gave judgment in his favor.

From this judgment the defendant appealed to the Common Pleas of Hunterdon, and that court dismissed the appeal, on

Bowlsby *v.* Johnston.

the ground, that it was a judgment rendered in the absence of the defendant. And it is now insisted by the counsel for the appellee, 1st, that a defendant must be present in *propria persona*, to entitle him to an appeal, and 2dly if not, it must at least appear on the record that his attorney was duly authorized. As long ago as in 1809, in the case of *M' Whorter* v. *Bloom*, 2 *Pen. R.* 545, it was decided by this court, to be a matter of sound discretion in the justice, whether to admit a defendant to appear by an attorney in fact or not; and in the case of *Pierson* v. *Foster*, immediately succeeding the case just cited (2 *Pen. R.* 546) in which the plaintiff below, who was a female, had appeared by an attorney in fact, the court reiterated the same doctrine. I see no good reason for departing from this rule, after a long course of practice in conformity with it.

In the exercise of this discretion the justice admitted the attorney and recognized his right to appear and act for the defendant on the return of the summons. This was an admission of him, as attorney for the defendant, in that cause; and the justice ought not suddenly, without assigning any cause, and without notice to the defendant, to have rejected him and proceeded as in the absence of the defendant. The right of the defendant to appear by his attorney is fully recognized in the case of *Folly* v. *Smith*, 7 *Halst. Rep.* 139, and if any proof of the due execution of the power of attorney was called for by the justice, we are in this case, as was done in the one just cited, to presume it was made out to his satisfaction, on the return day of the summons. It is a matter for the justice to determine, and no formal power of attorney, under hand and seal, need be produced or proved, if the justice is otherwise satisfied of the authority of the attorney. The defendant was then present by his attorney at the time of trial; the justice overruled *his* defence and gave judgment against him *in his* presence. The appeal ought not therefore to have been dismissed on the ground of its being a judgment in the absence of the defendant.

Let a mandamus be issued.

CITED in *Pharo* v. *Parker*, 1 *Zab.* 755;